OPINION
Plaintiffs-appellants Richard Fagan and Erleen Fagan appeal the Judgment Entry of the Stark County Court of Common Pleas granting summary judgment in favor of defendants-appellees the Timken Company, et al. as well as the Judgment Entry of the Cuyahoga County Court of Common Pleas granting appellees' motion for a change of venue from Cuyahoga County to Stark County.
 STATEMENT OF THE FACTS AND CASE
In June, 1994, appellant's union, the Pipe Fitter's Local 120 in Cleveland, Ohio, obtained temporary employment for appellant with Kauffman Plumbing Heating Company[1]. Kauffman, an independent contractor, had contracted with the Timken Company to perform work on a temporary boiler project.
Upon his arrival at the Timken Gambrinus Plant to begin his second day of work on June 21, 1994, appellant climbed into the bed of a pick-up truck owned by Kauffman and operated by a Kauffman foreman, Jeffrey Kessler, who would transport appellant and five other employees to the work site. During the trip from the parking lot to the work site, appellant, and at least one other co-worker, stood in the back of the Kauffman pick-up truck while the vehicle was in motion. After more than five minutes of traveling in this manner, Kessler stopped the vehicle in the roadway just east of the Bay 6 Annex to drop off a few workers. After those employees exited the back of the truck, Kessler again proceeded in a northerly direction on the same roadway.
Between the Bay 6 Annex and the south end of the forge shop was another private roadway on which Paul Delcoma, a Timken employee, was operating a straddle carrier in a southeasterly direction after dropping off a load of steel. At the same time, Kessler, who was approaching the corner of the Bay 6 Annex, maneuvered the truck left of center. As Delcoma initiated the straddle carrier into a right hand turn, intending to head south on the same roadway on which the Kauffman vehicle was traveling north, he observed the pick-up truck in his lane of travel. At that moment, both Delcoma and Kessler applied their brakes and brought their vehicles to complete stops approximately 20 feet apart from each other. The two vehicles did not collide. Appellant, who was still standing in the bed of the pick-up truck, was propelled forward against the back of the truck cab when Kessler brought the vehicle to an abrupt stop.
On April 3, 1996, appellant and his wife, Erleen, filed a complaint for personal injury and loss of consortium in the Cuyahoga County Court of Common Pleas. The Timken Company moved for a change of venue from Cuyahoga County to Stark County. On May 10, 1996, the Cuyahoga County Court of Common Pleas transferred venue from Cuyahoga County to Stark County. Thereafter, the Timken Company filed a timely answer as well as a third-party complaint against Kauffman Plumbing Heating Company for indemnification and/or contribution.
On April 30, 1997, Timken moved for summary judgment. Appellant filed a brief in opposition and a cross motion for summary judgment on June 11, 1997. Via Judgment Entry dated July 17, 1997, the trial court granted summary judgment in favor of the Timken Company. In that entry, the trial court dismissed as moot the third-party complaint against Kauffman.
It is from the July 17, 1997 Judgment Entry appellants appeal raising the following assignments of error:
 I. THE COURT COMMITTED PREJUDICIAL ERROR IN RELYING UPON ANOTHER CASE IN WHICH PLAINTIFFS WERE NOT PARTIES TO GRANT SUMMARY JUDGMENT.
 II. THE COURT COMMITTED PREJUDICIAL ERROR TRANSFERRING VENUE OF THIS CASE FROM CUYAHOGA COUNTY TO STARK COUNTY.
 III. THE COURT COMMITTED PREJUDICIAL ERROR IN GRANTING SUMMARY JUDGMENT BASED UPON A DEPOSITION TAKEN IN ANOTHER CASE INVOLVING DIFFERENT PARTIES.
 IV. THE COURT COMMITTED PREJUDICIAL ERROR IN GRANTING SUMMARY JUDGMENT AS THERE WERE MULTIPLE ISSUES OF MATERIAL FACTS WHICH PRECLUDE THE GRANTING OF SUMMARY JUDGMENT.
Any other relevant facts are contained in our discussion of appellants' assignments of error.
 II
Since our determination of appellants' second assignment of error is dispositive of whether we need to address the remaining assignments of error, we shall address this assignment of error first. Herein, appellants maintain the trial court erred in transferring venue of the action from Cuyahoga County to Stark County.
Appellants argue venue was proper in Cuyahoga County pursuant to Civ. R. 3 (B) (1) because the Timken Company resides in Cuyahoga County. Appellants claim venue was proper in Cuyahoga County pursuant to Civ. R. 3 (B) (6) because, although appellant Richard Fagan was injured in Stark County, part of his claim for relief arose in Cuyahoga County since he received medical treatment in Cuyahoga County, and the receipt of medical treatment is part of his claim for relief. Appellants assert venue was also proper in Cuyahoga County pursuant to Civ. R. 3 (B) (6) because appellant Erleen Fagan's claim for loss of consortium arose in Cuyahoga County.
We find appellants' argument, "a corporate defendant, which has places of business in multiple counties resides in each such county", is disingenuous. Civ. R. 3 (B) clearly distinguishes between a defendant's residing in a county and a defendant's having a principal place of business in a county. A corporation does not "reside" as the word is contemplated in Civ. R. 3 (B) (1). Timken's principal place of business is located in Stark County. Additionally, its corporate offices are located in Stark County. Accordingly, this action could not be properly venued in Cuyahoga County pursuant to Civ. R. 3 (B) (1).
With regard to appellants' argument venue was proper in Cuyahoga County pursuant to Civ. R. 3 (B) (6) because appellant Richard Fagan received medical treatment in Cuyahoga County, the act of receiving medical treatment is not part of the claim for relief. Even though appellants sought compensation for that medical treatment, the claim for relief arose in Stark County, which is the cite of the incident. Accordingly, venue would not be proper in Cuyahoga County pursuant to Civ. R. 3 (B) (6) based upon this contention.
With regard to appellants' assertion venue was also proper pursuant to Civ. R. 3 (B) (6) because Erleen Fagan's claim for loss of consortium arose in Cuyahoga County, we find venue must be appropriate for the underlying spousal claim. "A claim for loss of consortium is derivative in that the claim is dependent upon the defendant's having committed a legally cognizable tort upon the spouse who suffers bodily injury." Bowen v. Kil-Kare, Inc.
(1992), 63 Ohio St.3d 84, 93. Appellant Erleen Fagan's claim for loss of consortium against the Timken Company exists only if appellant Richard Fagan has a legally cognizable cause of action against the company as well.
Although we realize Mrs. Fagan may not have been aware that she had a claim against Timken until Mr. Fagan returned to Cuyahoga County that evening, her claim arose out of the incident involving her husband, which occurred in Stark County. To venue an action, which includes a claim for loss of consortium, in a county other than the county which is proper based upon the underlying spousal cause of action would not only lead to some interesting challenges to venue, but also undermine the spirit of Civ. R. 3 (B).
Based upon the foregoing reasons, we find the Cuyahoga County Court of Common Pleas did not err in transferring the instant action to the Stark County Court of Common Pleas.
Appellants' second assignment of error is overruled.
 III
In their third assignment of error, appellants assert the trial court committed prejudicial error in granting summary judgment based upon the deposition of Paul Delcoma which was taken in another action involving different parties. Specifically, appellants maintain the deposition was improper evidentiary material which the trial court should not have considered in rendering its decision.
Civ. R. 56 (C) enumerates the supporting documents a trial court may consider when ruling upon a motion for summary judgment. According to the rule, a deposition, which is timely filed in the action, is an appropriate supporting document from which a trial court may render summary judgment. The rule does not specifically prohibit the use of depositions taken in other actions.
Timken properly filed the deposition of Paul Delcoma, which was taken in the case of Valente v. Timken Co., Inc., Stark Case No. 1996CV00581, on April 30, 1997. At no time thereafter, although appellants were granted an extension of time in which to file their brief in opposition to Timken's motion for summary judgment, did appellants seek to depose Delcoma. Appellants could have remedied any claimed unfairness by noticing Delcoma for deposition; by filing a Civ. R. 56 (F) motion; or by propounding interrogatories upon the straddle carrier driver.
The deposition testimony of Paul Delcoma in the Valente case was given under oath. As Timken correctly asserts, the company "would have been permitted to submit a self-serving affidavit from Mr. Delcoma if it had so chosen, and certainly, appellants would not of had the opportunity to cross-examine Mr. Delcoma's affidavit." Brief of Appellee, p. 19. Here, Timken provided the trial court with the straddle carrier driver's sworn testimony which included extensive disussions regarding the incident at issue.
Since the Delcoma deposition was properly filed in the instant action and Civ. R. 56 (C) contains no prohibition against the use of such evidentiary material, we find the trial court did not err in considering the sworn testimony of Paul Delcoma when it rendered summary judgment in favor of Timken.
Based upon the foregoing reasons, appellants' third assignment of error is overruled.
 IV
In their fourth assignment of error, appellants claim the trial court committed prejudicial error in granting summary judgment as genuine issues of material fact exist.
In their Brief to this Court, appellants maintain the evidence establishes that the Kauffman pick-up truck was not left of center at the time of the near collision. While we agree with appellants that the record contains sufficient contradictory evidence to create a disputed fact regarding this issue, and summary judgment would not be proper on this basis alone, we find such material is irrelevant to the instant appeal as Kessler's negligence, or more appropriately the lack thereof, does not serve to impute negligence onto the Timken employee. Independent evidence is needed to establish the negligence of the Timken driver.
Appellants predicate their argument that Delcoma was negligent upon the driver's alleged violations of general traffic laws as well as alleged violations of Timken rules and regulations. Specifically, appellants contend Delcoma used unreasonable or excessive speed, failed to stop and sound his horn, and failed to stop before initiating the turn.
Appellants assert summary judgment was improper because the evidence establishes that Delcoma was negligent in operating the straddle carrier at an unreasonable or excessive speed. The undisputed evidence shows that both Kessler and Delcoma were able to completely stop their vehicles approximately 20 feet from the other. This fact alone indicates that neither driver was using excessive speed. Even if reasonable minds could conclude Kessler was in the proper lane of travel, reasonable minds could not conclude the speed of the Timken driver was a proximate cause of the accident.
Next, appellants submit summary judgment was improper because the evidence shows that the Timken driver was negligent in that he failed to abide by the Timken regulation which requires all straddle carrier operators to "stop and sound horn when exiting all buildings". The undisputed evidence establishes that, at the time of the incident, Delcoma was initiating a right-hand turn from one roadway onto another, and was not exiting a building. Although Delcoma did not sound his horn as he initiated the right-hand turn, reasonable minds could not conclude he was negligent in failing to do so since he was not required by regulation to sound his horn as he traveled from one roadway to another.
Finally, appellants maintain summary judgment was improper because the evidence reveals that Delcoma was negligent because he failed to stop before beginning his right-hand turn. Delcoma's failure to stop before initiating the turn is not violation of a duty. The intersection did not house a stop sign. Delcoma's only duty was not to impede into Kessler's lane of travel. If, in negotiating the straddle carrier around the corner, Delcoma did not encroach upon Kessler's lane of travel, the Timken driver did not breach any duty to appellant. Appellants have offered no evidence of any such encroachment.
When construed in a light most favorable to appellants, reasonable minds could not reach different conclusions on the issue of whether Delcoma was negligent. Accordingly, we find the trial court did not err in granting summary judgment in favor of the Timken Company.
Based upon the foregoing reasons, appellants' fourth assignment of error is overruled.
 I
In their first assignment of error, appellants maintain the trial court erred in relying upon another action in granting summary judgment in favor of the Timken Company. Specifically, appellants assert the trial court's incorporation of the judgment and opinion of Judge Lee Sinclair from Valente v. Timken Co.,Inc., Stark Case No. 1996CV00581, into its July 17, 1997 Judgement Entry was erroneous because the trial court did not have the entire file of the Valente case before it and could not assess whether the cases were identical; had no authority to take judicial notice of the Valente case; and a judgment entry from another case is not proper evidentiary material to be submitted in connection with a motion for summary judgment.
Appellants have misconstrued the trial court's use of Judge Sinclair's opinion. Although the trial court incorporated Judge Sinclair's judgment entry into its July 17, 1997 Judgment Entry, the court did so after reviewing both the Valente entry as well as the evidence submitted in support of and in opposition to the motion for summary in the instant action. By undertaking such a review, the trial court was able to deduce that the two cases were analogous. The trial court did not base its decision to grant summary judgment in Timken's favor on the evidence in the Valente
case, but rather merely incorporated Judge Sinclair's findings of facts and conclusions of law to support its decision. We find it is not improper for a trial court to refer to an analogous case in support of a decision or to incorporate a decision therefrom into a judgment entry.
Furthermore, because we sit in the shoes of a trial court when reviewing a trial court's granting of a motion for summary judgment, see, Smiddy v. The Wedding Party, Inc., supra, and because we found supra the trial court's granting of summary in favor of the Timken Company was proper based upon the evidentiary material in this record, we overrule this assignment of error as moot.
The judgment of the Stark County Court of Common Pleas is affirmed.
By: Hoffman, J., Gwin, P.J. and Wise, J. concurs.
 JUDGMENT ENTRY
CASE NO. 97CA00277
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellants.
[1] Kauffman Plumbing Heating Company was named a third-party defendant in this case, however, it is not a party to this appeal.